IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAN D. LEE and VICTORIA D. LEE, individually and on behalf of themselves, their members, and all others similarly situated, as applicable,<br><br>      Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., and RECONTRUST COMPANY, N.A.,<br><br>      Defendants. | 3:12-CV-00013-BR<br><br>OPINION AND ORDER |

STEVEN C. BURKE
ERIN K. FITZGERALD
DAVID C. SOREK
Case & Dusterhoff, LLP
The 9800 Professional Building
9800 S.W. Beaverton Hillsdale Highway
Suite 200
Beaverton, OR 97005
(503) 641-7222

      Attorneys for Plaintiffs

1 - OPINION AND ORDER

**PILAR C. FRENCH**
**RICHARD H. WILLIAMS**
Lane Powell PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204
(503) 778-2100

    Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Defendant Bank of America N.A.'s (BOA) and Defendant ReContrust Company N.A.'s Motion (#14) to Dismiss for Failure to State a Claim, Request (#16) for Judicial Notice, and Supplemental Request (#28) for Judicial Notice.[1]  The Court heard oral argument on April 24, 2012, and took the Motions under advisement on that date.

    For the reasons that follow, the Court **GRANTS** Defendants' Request for Judicial Notice and Supplemental Request for Judicial Notice to the extent that the documents noticed reflect nonbinding judicial analyses by Oregon state-court judges of the legal issues involved in this case and **DENIES** Defendants' Motion to Dismiss with leave to renew at a later time.

---

[1] For the reasons stated on the record at oral argument, the Court does not agree with Plaintiffs' counsel that Defendants' counsel failed to confer sufficiently with Plaintiffs' counsel as to the merits of the Motion as required by Local Rule 7-1(a), and, therefore, the Court declines to deny the Motion on that basis. If, however, future motions are filed in this Court without meaningful conferral beforehand, the Court intends to enforce LR 7-1(a) and to deny any noncompliant motion.

2 - OPINION AND ORDER

**BACKGROUND**

This is one of several "MERS" foreclosure cases pending in this District that challenges the legitimacy of residential nonjudicial foreclosure proceedings under Oregon law.  Home buyers who purchased their homes with loans and promissory notes secured by trust deeds entered into loan transactions with the lenders (Defendant BOA in this case) who designated Defendant Mortgage Electronic Registration Systems, Inc. (MERS) as trust-deed beneficiary and Defendant ReContrust as successor trustee.

Common legal issues have arisen in each of the cases including whether MERS is a legitimate beneficiary of the trust deeds under Oregon Revised Statute § 86.705(1), whether MERS has the authority to assign the trust deeds and to appoint successor trustees, and whether the assignments of those trust deeds have been lawfully recorded in accordance with Oregon Revised Statute § 86.735(1).  Unfortunately, there is not any uniform and controlling authority to resolve these issues consistently.  As a result, on April 2, 2012, Chief Judge Ann Aiken issued a Certification Order to the Oregon Supreme Court seeking guidance as to the unresolved issues of state law in four pending cases.  *See, e.g., Brandrup v. ReContrust Co., N.A.,* Case No. 3:11-cv-1390-JE, filed April 2, 2012 (Certification Order).

3 - OPINION AND ORDER

I.   **Plaintiffs' Class-Action Complaint.**

Plaintiffs, individually and on behalf of a similarly situated class of homeowners, allege they purchased their homes by executing trust deeds, and the beneficial rights to those deeds were then assigned to BOA.  BOA, in turn, appointed ReContrust as successor trustee on all of the trust deeds and MERS as the beneficiary under the trust deed granted to each class member.  Plaintiffs thereafter defaulted on the loan payments.  As a consequence, Plaintiffs were served with Notices of Default and Sale and informed their homes would be sold by nonjudicial foreclosure in accordance with Oregon law.

Plaintiffs do not deny they were in default on their loan payments.  They contend, however, their efforts to make up the past-due payments were wrongly rejected by BOA.

In their First Claim Plaintiffs seek a Declaration that Defendants did not comply with the procedural requirements of the Oregon Trust Deed Act (OTDA), Oregon Revised Statute § 86.705, *et seq.*, by recording the Deeds of Trust and by conducting or threatening to conduct nonjudicial foreclosure sales of the properties of Plaintiffs and class members after they defaulted on their payments under their respective promissory notes.

In their Second Claim Plaintiffs seek a Declaration that BOA is the beneficiary of the Trust Deeds at issue and, therefore, is subject to the National Bank Act (NBA), 12 U.S.C. § 1, *et seq.*,

and the Home Owners Loan Act of 1933, 12 U.S.C. § 1461-1468. Compl. at ¶¶ 18, 19.

Plaintiffs further allege those statutes preempt all state laws regarding foreclosure. Accordingly, "[i]f BOA is the beneficiary of the Deed of Trust, it cannot rely on any state law to engage in a judicial or nonjudicial foreclosure because those rights are exclusively a function of state law, and BOA is preempted by" those statutes. Compl. at ¶ 20.

**II.   Defendants' Motions**.

Defendants move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also move the Court to take judicial notice of relevant transactional documents relating to Plaintiffs' claims as well as copies of transcripts of proceedings and opinions and orders issued by state-court judges in Oregon regarding the matters addressed in Defendants' Motion to Dismiss.

## DISCUSSION

**I.   Defendant's Requests for Judicial Notice**.

   **A.   Standards**

Under Federal Rule of Evidence 201(b)(2), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

5 - OPINION AND ORDER

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, *and matters properly subject to judicial notice*." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)(emphasis added). See also United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court, [however], may ... consider certain materials documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment.").

**B.   Analysis**

Defendants' initial Request for Judicial Notice addresses, *inter alia,* transactional documents relating to Plaintiffs' home purchase. Although Plaintiffs do not object to judicial notice of the Trust Deed (Item 1), Plaintiffs object to judicial notice of the Assignment of Deed of Trust, Appointment of Successor Trustee, and Notice of Default and Election to Sell (Items 2-4). Plaintiffs do not state a reason for their objections.

The Court concludes the transactional documents objected to by Plaintiffs are not subject to reasonable dispute and are relevant to the issues in this case, and, therefore, the Court takes judicial notice of those documents.

In their Supplemental Request for Judicial Notice Defendants also ask the Court to take judicial notice of judgments, orders,

6 - OPINION AND ORDER

opinions, and transcripts in state-court cases throughout Oregon (Items 5-16) that address the issues raised in this case. Plaintiffs, however, object to judicial notice of these documents on the ground that there are an "overwhelming volume of cases discussed in individual decisions" in Oregon state courts and considering them "would be overly burdensome and a waste of this court's time." Moreover, Plaintiffs assert they "could easily go into the public record and cherry pick cases . . . more favorable to [Plaintiffs' position] in foreclosure dispute cases."

As noted, Chief Judge Aiken has issued a Certification Order requesting the Oregon Supreme Court to provide guidance as to whether MERS is a properly-designated beneficiary under Trust Deeds in other cases now pending in the United States District Court for the District of Oregon. Until that matter is resolved, the Court takes judicial notice of Items 5-16 in Defendants' Supplemental Request for Judicial Notice (#16) to the extent that they reflect nonbinding judicial analyses by Oregon state-court judges as to legal issues involved in this case.

**II. Defendants' Motion to Dismiss**.

In their Motion to Dismiss, Defendants challenge both Plaintiffs' First and Second Claims in which Plaintiffs seek declarations that BOA rather than MERS is the beneficiary of the Trust Deeds at issue in this case. Both claims go to the heart of the question that has been certified to the Oregon Supreme

Court (*i.e.,* whether MERS has been properly designated by BOA as the beneficiary of the Trust Deeds at issue in this case and other cases already decided or pending in this District).

Based on the foregoing, the Court deems the most prudent course of action at this time is to deny Defendants' Motion to Dismiss with leave to renew after the Oregon Supreme Court has had the opportunity to rule on the underlying MERS issues.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants Motion (#16) for Judicial Notice and Defendants' Supplemental Request (#28) for Judicial Notice to the extent that they reflect nonbinding judicial analyses by Oregon state-court judges of the legal issues involved in this case and **DENIES** Defendants' Motion to Dismiss (#14) with leave for Defendants to renew at a later time.

The Court proposes to stay these proceedings pending action by the Oregon Supreme Court or a future request by any party for a specific case-management schedule. The Court requests the parties to notify the Court **no later than June 15, 2012,** if they object to such a proposal.

IT IS SO ORDERED.

DATED this 24th day of May, 2012.

/s/ Anna J. Brown
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER