IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DAN D. LEE and VICTORIA D. LEE,           3:12-CV-00013-BR
individually and on behalf of
themselves, their members, and            OPINION AND ORDER
all others similarly situated,
as applicable,

         Plaintiffs,

v.

BANK OF AMERICA, N.A., and
RECONTRUST COMPANY, N.A.,

         Defendants.

STEVEN C. BURKE
ERIN K. FITZGERALD
Case & Dusterhoff, LLP
The 9800 Professional Building
9800 S.W. Beaverton Hillsdale Highway
Suite 200
Beaverton, OR 97005
(503) 641-7222

         Attorneys for Plaintiffs

PILAR C. FRENCH
RICHARD H. WILLIAMS
Lane Powell PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204
(503) 778-2100

         Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Motion (#42) to Dismiss First Claim for Relief for Lack of Subject Matter Jurisdiction and Renewed Motion (#40) to Dismiss for Failure to State a Claim for Relief filed by Defendant Bank of America N.A. (BOA) and Defendant ReContrust Company N.A.

For the reasons that follow, the Court **GRANTS** Defendants' Motion (#42) to Dismiss and **DISMISSES as moot** Plaintiffs' First Claim for Relief.  The Court also **GRANTS** Defendants' Renewed Motion (#40) to Dismiss Plaintiffs' Second Claim for Relief and Dismisses that Claim with prejudice.

## BACKGROUND

The Court describes in detail the background of this case in its Opinion and Order issued May 24, 2012, in which the Court denied Defendants' Motion to Dismiss for Failure to State a Claim.

This case is one of several pending in this District in which there is a common issue of state law as to whether an entity known as Mortgage Electronic Registration Systems (MERS), a purported beneficiary of trust deeds securing the loans and promissory notes issued to homeowners facing foreclosure, had the authority to assign the trust deeds and to appoint successor trustees, and, if so, whether such assignments have been lawfully

recorded in accordance with Oregon Revised Statute § 86.735(1), a necessary step in any nonjudicial foreclosure proceeding. For some time, there has not been any uniform, controlling authority in the District of Oregon that governs these issues. For that reason Chief Judge Ann Aiken on April 2, 2012, issued a Certification Order to the Oregon Supreme Court seeking guidance as to these unresolved state-law issues in four pending cases. *See, e.g., Brandrup v. ReContrust Co., N.A.,* Case No. 3:11-cv-1390-JE (filed Apr. 2, 2012)(Certification Order).[1] Thereafter, the Oregon Court of Appeals decided *Niday v. GMAC,* 251 Or. App. 278 (2012), which presently is a decision of an appellate court on the subject and, thus, potentially binds this Court. On September 27, 2012, however, the Oregon Supreme Court also allowed a Petition for Review in that case. *See Niday v. GMAC,* S060655. Thus, *Niday* is not a final statement of Oregon law, and because the Oregon Supreme Court accepted the questions certified by Chief Judge Aiken on July 19, 2012 (*see Brandrup v. Recontrust Co., N.A.*, Order Accepting Certified Question, S060281 (Jul. 19, 2012)), the status of controlling authority on the "MERS issues" remains unsettled.

---

[1] The Ninth Circuit has stayed appellate proceedings in *Hooker v. Bank of America,* C/A No.11-35534 (Sept. 18, 2012), a case originating in this District decided by Judge Owen Panner, pending a decision by the Oregon Supreme Court in *Brandrup*. *See Hooker v. Bank of America,* 1:10-cv-03111-PA (Opin. and Order, May 25, 2010).

3 - OPINION AND ORDER

In the meantime, on May 24, 2012, this Court entered an Order staying this case pending a decision by the Oregon Supreme Court as to the relevant state-law issues that also affect this case; *i.e.*, specifically, (1) whether MERS is a legitimate beneficiary of a trust deed under Oregon Revised Statute § 86.705(1) and, if so, (2) whether an assignment of such a trust deed and appointment of a successor trustee by MERS must comply with the recording requirements of Oregon Revised Statute § 86.735(1)).

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST CLAIM - MOOTNESS

In this Motion, Defendants contend Plaintiffs' First Claim for Relief is moot based on Defendants' decision to seek a judicial foreclosure rather than to pursue its original efforts in a nonjudicial foreclosure. Defendants, therefore, move to dismiss Plaintiff's First Claim for Relief for lack of subject-matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

### I.  STANDARDS

Article III of the United States Constitution limits federal-court jurisdiction to "actual, ongoing cases or controversies." *Am. Civ. Liberties Union of Nev. v. Masto*, 670 F.3d 1046, 1062 (9th Cir. 2012)(citing *Lewis v. Cont'l Bank*

*Corp.*, 494 U.S. 472, 477 (1990)).  "The case or controversy must continue through all stages of federal judicial proceedings."  *Id.*

A federal court lacks jurisdiction "to decide moot questions or abstract propositions" because "moot questions require no answer."  *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)(*per curiam*)(internal quotation marks, citations, and alterations omitted).  A case or controversy "must be extant at all stages of review, not merely at the time the complaint is filed."  *Alvarez v. Smith*, 558 U.S. 87, 91 (2009).  A case may become moot after it is filed "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003) (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001)).

## II. DISCUSSION

### A. **Plaintiffs' First Claim**.

Plaintiffs, individually and prospectively on behalf of a similarly situated putative class[2] of homeowners, allege they purchased their home by executing a trust deed, and the beneficial rights to that deed were then assigned to BOA.  BOA,

---

[2] A class has yet to be certified.  For purposes of this Motion, therefore, the Court treats Plaintiffs' claims as being asserted by Plaintiffs in their individual capacities.

5 - OPINION AND ORDER

in turn, appointed ReContrust as successor trustee. MERS was the beneficiary under the trust deed. After Plaintiffs defaulted on their obligation to make loan payments, Defendants served Plaintiffs with Notices of Default and Sale and informed them that their home would be sold in a nonjudicial foreclosure sale in accordance with Oregon law.

Although Plaintiffs do not deny they were in default on their loan payments, they contend their efforts to make up the past-due payments were wrongly rejected by BOA. Moreover, Plaintiffs seek a declaration that Defendants did not comply with the procedural requirements for a nonjudicial foreclosure pursuant to the Oregon Trust Deed Act (OTDA), Oregon Revised Statute § 86.705, *et seq.,* by failing, *inter alia, to* record intervening assignments of the trust deed and by initiating a nonjudicial foreclosure sale proceeding of Plaintiffs' home after Plaintiffs defaulted on their payment obligations under the promissory note.

B. **Analysis**.

As noted, Defendants now assert they have "abandoned" their efforts to foreclose on Plaintiffs' home nonjudicially and instead will proceed with a judicial foreclosure. Thus, Defendants argue the issue as to whether MERS is a proper beneficiary of the trust deed is no longer relevant to any of Plaintiffs' remaining claims in this Court.

In addition, Defendants point out that the original 180-day time limit within which they would have been required to conduct a nonjudicial foreclosure sale expired on July 5, 2012. *See* Or. Rev. Stat. § 86.755(2). Moreover, if Defendants were to reinitiate a nonjudicial foreclosure proceeding, they would be required to provide a "new notice of default and [ ] a new notice of sale" under Or. Rev. Stat. § 86.740.

On this record the Court concludes any issue regarding a nonjudicial foreclosure is now moot. *See Thomas v. FV-1, Inc.,* 6:11-CV-06058-AA, 2012 WL 4052495, at *2 (D. Or., Sept. 11, 2012) (when a Notice of Default and Election to Sell has expired, a foreclosure may not be recommenced based on that Notice). *See also Tabb v. One West Bank, FSB,* 3:10-CV-855-ST, at *8-9 (D. Or., Aug. 26, 2011).

Although the Court appreciates Plaintiffs' concern that Defendants' Motion and current pleadings would not prevent Defendants from attempting to reinitiate a nonjudicial foreclosure in the future, this Court's jurisdiction must be based on a current live controversy. Because of the expiration of the period within which Defendants were to act on the initial Notice of Foreclosure and based on Defendants' representations that they no longer intend to pursue a nonjudicial foreclosure process, there presently is not any live controversy before the

7 - OPINION AND ORDER

Court as to a nonjudicial foreclosure based on    Accordingly, the Court dismisses Plaintiff's First Claim for Relief for lack of subject-matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

### DEFENDANTS' RENEWED MOTION TO DISMISS PLAINTIFFS' [SECOND] CLAIM FOR FAILURE TO STATE A CLAIM

**I.   STANDARDS**

"In ruling on 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic v. Twombly*, 550 U.S. 554, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550

U.S. at 546). When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. DISCUSSION

### A. **Plaintiffs' Second Claim for Relief**.

Plaintiffs assert BOA is the actual beneficiary of the Trust Deed that has been the subject of the nonjudicial foreclosure proceeding at issue in this case and that BOA is subject to the National Bank Act (NBA), 12 U.S.C. § 1, and the Home Owners Loan Act of 1933 (HOLA), 12 U.S.C. § 1461-68, both of which preempt all state real-property laws including foreclosure. Plaintiffs seek a declaration that BOA may not rely on those state laws to

9 - OPINION AND ORDER

pursue either nonjudicial foreclosure or judicial foreclosure against Plaintiffs.

On July 13, 2012, the Court granted Defendants leave to renew their Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). Defendants renewed their Motion on July 20, 2012.

### B. **Analysis**.

As noted, the Oregon Court of Appeals held in *Niday v. GMAC* that the original lender rather than MERS was the beneficiary of a trust deed that is substantially similar to the trust deed at issue in this case. 251 Or. App. at 298-99. Plaintiffs assert this Court is bound by that holding. Thus, Plaintiffs contend the Court must necessarily find in this case that Countrywide Bank FSB, the original lender under the trust deed, rather than MERS is the beneficiary of the trust deed at issue.

The Court, as noted, disagrees with Plaintiffs that it is required to adhere to the Oregon Court of Appeals decision in *Niday*. Generally "if there is relevant precedent from the state's intermediate appellate court," this Court "must follow the state intermediate appellate court decision unless the . . . [C]ourt finds convincing evidence that the state's supreme court likely would not follow it." See *Ryman v. Sears Roebuck and Company,* 505 F.3d 993, 995 (9th Cir. 2007)(citing *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2007)).

10- OPINION AND ORDER

Here, however, the Oregon Supreme Court has agreed to review *Niday* and to accept the certified questions from this Court as to whether MERS is a beneficiary under a trust deed.  Under these circumstances, the Court concludes it is improvident for this Court to conclude that the Oregon Court of Appeals decision is binding on this Court for purposes of Plaintiff's Second Claim.

Plaintiffs also note the original lender would usually be the party entitled to initiate a foreclosure proceeding. Countrywide Bank FSB, the original lender in this case is a national bank, and, according to Plaintiffs, NBA and HOLA, therefore, preempt Plaintiffs from asserting any state-law claim against BOA arising from its lending operations.  Plaintiffs also take the preemption doctrine one step further and argue if BOA is not subject to a lawsuit under state law based on preemption, then BOA is not entitled to bring an action affirmatively against Plaintiffs for foreclosure based on the same state law. Plaintiffs, however, have not provided, nor has the Court found, any authority that a national bank is preempted from filing a lawsuit for foreclosure under state law solely because the bank itself is protected under HOLA and/or NBA from being sued under that same law arising from the bank's lending activities.

The Court also finds unpersuasive Plaintiffs' argument that if a national bank could "escape" liability from a homeowner

11- OPINION AND ORDER

under a state's property-foreclosure laws based on preemption and still avail itself of that state law by undertaking a property foreclosure, it would violate the Equal Protection Clause of the Fourteenth Amendment.  Plaintiffs do not cite, and the Court has not found, any authority for that proposition.  In fact, to the extent that such a preemption issue might arise in the context of economic regulation that does not involve any suspect classification, the regulation would be subject to a rational-basis test under the Equal Protection Clause.  *See TCF Nat'l Bank v. Bernanke*, 643 F.3d 1158, 1165 (2011)("In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.").

Under the circumstances of this case, the Court concludes there is not any constitutional infirmity arising under the Fourteenth Amendment's Equal Protection Clause that prevents BOA as a national bank from relying on a state-foreclosure statute to protect its economic interests in a homeowner loan that is in default.  Accordingly, the Court grants Defendants' Renewed Motion (#40) to Dismiss Plaintiffs' Second Claim for Relief and dismisses that claim with prejudice.

12- OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#42) to Dismiss and **DISMISSES as moot** Plaintiffs' First Claim for Relief.  The Court also **GRANTS** Defendants' Renewed Motion (#40) to Dismiss Plaintiff's Second Claim for Relief and **DISMISSES** that Claim with prejudice.

IT IS SO ORDERED.

DATED this 23rd day of October, 2012.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

13- OPINION AND ORDER